WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>RUDOLPH B. PUANA (1),<br><br>　　　　　　Defendant. | CR. No. 19-00015-01JMS-WRP<br><br>STIPULATION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT [18 U.S.C., §§ 3161(h)(7)(A) and (B)(i), (ii), (iv)], ALONG WITH WAIVER OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL |

STIPULATION CONTINUING TRIAL DATE AND
EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and the above-captioned Defendant, through their respective undersigned attorneys, hereby agree and stipulate to continue the trial in this case. This stipulation is based on the following:

1. Trial in this case on the First Superseding Indictment is currently set for August 11, 2020. ECF No. 106. Since the setting of the August 11, 2020, trial

date, in response to the COVID-19 public emergency, the Centers for Disease Control and Prevention (CDC) has issued guidelines recommending against gatherings of fifty or more persons to slow the spread of disease, effective March 15, 2020. In particular, the CDC recommends that people engage in social distancing—that is, keep an appropriate physical distance between themselves and other people. The CDC further recommends that employers attempt to minimize exposure between employees and the public and to consider the public health and safety when scheduling group or public events.  On March 16, 2020, President Trump cautioned that gatherings should be limited to ten persons or fewer.

      2.      Further, the World Health Organization declared COVID-19 a global pandemic on March 11, 2020; President Trump declared the outbreak to constitute a national emergency on March 13, 2020; Hawaii State Governor David Ige declared a state of emergency on March 4, 2020; and City and County of Honolulu Mayor Kirk Caldwell issued a "Stay At Home/Work From Home Order," requiring all Honolulu residents to stay in their residences unless they meet one of the essential exemptions, effective March 23, 2020.  Governor Ige's "Stay At Home/Work From Home Order" is set to expire on May 31, 2020, unless it is extended. Limited businesses in the State of Hawaii, including in Oahu, have begun re-opening as of May 22, 2020, but at a very gradual pace. Additionally, visitors to the State of Hawaii are required to self-quarantine upon arrival for a period of 14 days. This mandatory period of self-quarantine extends, for now, through June 30, 2020.

3. On March 17, 2020, this Court entered a "Temporary General Order Regarding District of Hawaii Response to COVID-19 Emergency." That Order provided that, given the need for the Court to protect the health and safety of the public and court employees, all trials scheduled to commence between March 17, 2020, and May 3, 2020, in the District of Hawaii are continued. The March 17 Order was superseded by a "March 23, 2020 Temporary General Order Regarding District of Hawaii Response to the COVID-19 Emergency," and again most recently by a "April 16, 2020 Temporary General Order Regarding District of Hawaii Response to the COVID-19 Emergency," which also continued all trials in the District until June 15, 2020, at the earliest. The April 16 Order encourages counsel to "confer as to whether the currently scheduled trial date is realistic given the time needed to prepare for trial and the ongoing pandemic."

4. This case will require both counsel for Defendant Puana and the United States to travel from the mainland to Oahu for trial and witness preparation. In addition, a significant number of prosecution and defense trial witnesses will be traveling from other islands and the mainland to testify at trial. However, travel is currently extremely curtailed and the imposition of the 14-day mandatory quarantine in the State of Hawaii makes travel to Oahu exceptionally impractical at this time. In addition, nationwide limitations on in-person meetings has made interviews, witnesses preparation, and other trial preparation impractical. Thus, while the parties continue to actively meet and confer over discovery, evidentiary, and other pretrial

issues in preparation for trial, there are still severe limitations on trial preparation that do not allow either counsel to effectively prepare for trial.

5. Moreover, the parties were each scheduled to try other matters between the time this case was set for trial and the current trial date. Those matters have also been postponed by the pandemic, and will likely be set for trial during the time this case is set currently set for trial and the end of 2020, thus also adversely effecting counsels' ability to prepare for this case.

6. Thus, due to the extraordinary circumstances caused by the COVID-19 pandemic, which limit the parties', the court's, and witnesses' ability to travel and to attend trial, hearings, and meetings in person, as well as other logistical hurdles, the ends of justice would be served by the continuance of the trial date, and outweigh the best interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A). Specifically, the parties believe the failure to grant such a continuance would be likely to make a continuation impossible or result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i), and would deny both the defendant and counsel for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, given the nature of the charges, the volume and nature of the discovery, and the existence of novel questions of fact or law, the parties agree that this case should continue to be deemed unusual or complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

7. The parties agree the period of delay excluded spans from the filing of this joint motion until January 20, 2021, the new date for trial. 18 U.S.C. § 3161(h)(1)(D).

8. The parties further agree that postponement of the trial until January 20, 2021, does not violate the rights of the defendant to a speedy trial under the Speedy Trial clause of the Sixth Amendment or any other statutory or constitutional provision. Counsel for defendant represents that he has discussed the need for this continuance with defendant. Defendant agrees to and joins in the request for this continuance.

9. In conjunction with the request for a continued trial date, the parties also request the following dates be set: (1) A final pretrial conference on December 21, 2020 at 10:00 a.m. before U.S. Magistrate Judge Wes R. Porter; and (2) a motion *in limine* filing deadline of November 23, 2020, with responses due December 7, 2020.

Dated: 6/1/2020   SIGNED: _____
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

Dated 6/1/2020   SIGNED: _____
F. CLINTON BRODEN
JASON Z. SAY
Attorneys for Defendant Puana

Defendant represents that he has read and understood this entire stipulation, including the waiver of rights under the Speedy Trial Act and the Sixth Amendment, and agrees to its terms.

Dated 5/28/20    SIGNED: /s/
RUDOLPH B. PUANA

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>RUDOLPH B. PUANA (1),<br><br>               Defendant. | CR. No. 19-00015-01 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

    I, Janaki S. Gandhi, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

    I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on June 2, 2020.

                                                    */s/ Janaki S. Gandhi*
                                                    JANAKI S. GANDHI
                                                    Special Attorney