MONTY WILKINSON
Acting Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>RUDOLPH B. PUANA (1),<br><br>        Defendant. | CR. No. 19-00015-01-JMS-WRP<br><br>STIPULATION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT [18 U.S.C., §§ 3161(h)(7)(A) and (B)(i), (ii), (iv)], ALONG WITH WAIVER OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL |

### STIPULATION CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and the above-captioned Defendant, through their respective undersigned attorneys, hereby agree and stipulate to continue the trial in this case. This stipulation is based on the following:

1.  Trial in this case on the First Superseding Indictment is currently set for April 20, 2021. ECF No. 143. Since the setting of the April 20, 2021, trial date,

many of the travel restrictions around the country and, particularly, in the State of Hawaii, in response to the COVID-19 public emergency have not eased.  Early in the pandemic, on March 4, 2020, Hawaii State Governor David Ige declared a state of emergency. The state of emergency has been extended several times since. Most recently, on December 16, 2020, Governor Ige issued the "Seventeenth Proclamation Related to the COVID-19 Emergency," extending the emergency and noting that the number of documented COVID-19 cases in the State of Hawaii have increased to more than 19,500 documented cases and 278 deaths attributed to the disease as of December 16, 2020.  The Proclamation also extended the 14-day quarantine requirement for travelers to the State of Hawaii, with limited exemptions that became effective on December 17, 2020. The state of emergency and self-quarantine requirements extend, for now, through February 14, 2021.

2. In addition, on December 23, 2020, City and County of Honolulu Mayor Kirk Caldwell issued a "Tenth Proclamation of Emergency of Disaster," extending the emergency order in the City and County of Honolulu until February 14, 2021.  On the same date, Mayor Caldwell issued "Emergency Order No. 2020-31," requiring all Honolulu residents to stay in their residences unless they meet one of the essential exemptions, limiting the operation of businesses in Honolulu, and limiting in-person gatherings to no more than five people.  This most recent Order is set to expire on February 14, 2021, unless it is extended again.

3. Finally, on November 16, 2020, this Court entered its most recent "Temporary General Order Regarding District of Hawaii Response to COVID-19 Emergency." That Order provides that "any person entering the courthouse who has been outside of the State of Hawaii during a previous 14-day period is required to provide the Court with written notification that the person intends to enter the courthouse. This notification requirement includes attorneys (appearing for any purpose) and witnesses, and applies regardless of any State of Hawaii quarantine exemption. Attorneys are responsible to provide notification on behalf of witnesses the attorney intends to bring into the courthouse." That Order further advises that for criminal trials, the "parties are required to confer to determine if a stipulation can be entered to continue the trial date and toll time under the Speedy Trial Act, which may eliminate the need for a status conference."

4. This case will require both counsel for Defendant Puana and the United States to travel from the mainland to Oahu for trial and witness preparation. In addition, a significant number of prosecution and defense trial witnesses will be traveling from other islands and the mainland to testify at trial. However, travel remains currently extremely curtailed and the 14-day mandatory quarantine in the State of Hawaii makes travel to Oahu exceptionally impractical at this time. In addition, limitations on in-person meetings has made interviews, witness preparation, and other trial preparation impractical. Thus, while the parties continue to actively meet and confer over discovery, evidentiary, and other pretrial issues in

preparation for trial, there are still severe limitations on trial preparation that do not allow either counsel to effectively prepare for trial.

5. Thus, due to the extraordinary circumstances caused by the COVID-19 pandemic, which limit the parties', the court's, and witnesses' ability to travel and to attend trial, hearings, and meetings in person, as well as other logistical hurdles, the ends of justice would be served by the continuance of the trial date, and outweigh the best interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A). Specifically, the parties believe the failure to grant such a continuance would be likely to make a continuation impossible or result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i), and would deny both the defendant and counsel for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, given the nature of the charges, the volume and nature of the discovery, and the existence of novel questions of fact or law, the parties agree that this case should continue to be deemed unusual or complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

6. The parties agree the period of delay excluded spans from the filing of this joint motion until September 14, 2021, the new date for trial. 18 U.S.C. § 3161(h)(1)(D).

7. The parties further agree that postponement of the trial until September 14, 2021, does not violate the rights of the defendant to a speedy trial

under the Speedy Trial clause of the Sixth Amendment or any other statutory or constitutional provision. Counsel for defendant represents that he has discussed the need for this continuance with defendant. Defendant agrees to and joins in the request for this continuance.

8. In conjunction with the request for a continued trial date, the parties also request the following dates be set: (1) a final pretrial conference on August 16, 2021, at 1:30 p.m. before U.S. Magistrate Judge Wes Reber Porter; and (2) a motion *in limine* filing deadline of July 19, 2021, with responses due on August 2, 2021.

Dated: 02/11/2021   SIGNED: _____
MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
Special Attorneys to the Attorney General

Dated: 2/11/21   SIGNED: _____
F. CLINTON BRODEN
JASON Z. SAY
Attorneys for Defendant Puana

Defendant represents that he has read and understood this entire stipulation, including the waiver of rights under the Speedy Trial Act and the Sixth Amendment, and agrees to its terms.

Dated: 2/10/21   SIGNED: _____
RUDOLPH B. PUANA

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>     v.<br><br>RUDOLPH B. PUANA (1),<br><br>                  Defendant. | CR. No. 19-00015-01 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Janaki G. Chopra, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  February 11 , 2021.

                                                    */s/ Janaki Chopra*<br>
                                                    JANAKI CHOPRA<br>
                                                    Special Attorney