# EXHIBIT 1

MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144/8756
michael.wheat@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>RUDOLPH B. PUANA,<br><br>                Defendant. | CR. No. 19-00015-01 JMS-WRP<br><br>UNITED STATES' MOTIONS *IN LIMINE* TO:<br><br>1. PERMIT IMPEACHMENT UNDER RULE 609; AND<br>2. ADMIT DEFENDANT'S SWORN ADMISSIONS |

On March 28, 2022, three years after indictment, and on the eve of trial, Defendant Rudolph B. Puana pleaded guilty to unlawfully possessing a firearm while being addicted to a controlled substance. ECF No. 285. As part of his plea colloquy, Defendant admitted under oath, among other things, that he was addicted

to hydrocodone between 2014 and 2018.[1] The Court accepted his plea and adjudged him guilty of Count 54 of the First Superseding Indictment. *Id.* The United States hereby moves *in limine* to: (1) impeach Defendant with his conviction for being an addict in possession of a firearm under FRE 609; and (2) introduce Defendant's sworn admissions of addiction between 2014 and 2018.

## MOTION TO PERMIT IMPEACHMENT UNDER RULE 609

For impeachment purposes, Federal Rule of Evidence 609(a)(1)(B) provides that evidence of a testifying defendant's prior felony conviction "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." A five-factor test, outlined below, guides this analysis.

Preliminary, however, is the question of whether Defendant's guilty plea—accepted by the Court, with sentencing and final judgment forthcoming—counts as a "conviction" for purposes of Rule 609. The answer—from longstanding circuit precedent—is yes.

In *United States v. Smith*, 623 F.2d 627 (9th Cir. 1980), Smith was impeached by use of a prior verdict of guilty in a felony case. On appeal, he argued that was error because a Rule 29 motion was pending in the prior case, and "the judgment of conviction and sentence had not yet been pronounced." *Id.* at 630. The Ninth Circuit rejected Smith's argument, stating "when a conviction of felony is used to impeach,

---

[1] A certified transcript of the specific admissions is forthcoming.

2

a verdict of conviction is just as relevant as a judgment of conviction. Such a verdict may be so used before judgment upon it is entered." *Id.* (citing cases, including *United States v. Canaday*, 466 F.2d 1191, 1192 (9th Cir. 1972) ("The question was proper, for purposes of impeachment (among others), and it has been so held in this Circuit, *whether the conviction was final or not*. The jury's verdict requires nothing more than a ministerial act (its entry) to constitute a judgment.")). Sharing this same perspective, the Fourth Circuit once affirmed impeachment under Rule 609 where the district court accepted a verdict of guilty against the defendant from a separate jury, "just before cross-examination" of the defendant began in the defendant's next trial. *United States v. Duncan*, 598 F.2d 839, 864–65 (4th Cir. 1979) (the act of accepting the jury verdict "was a sufficient predicate for use of the 'verdict' for impeachment").[2]

Here, Defendant's guilty plea is no different from the post-verdict cases above. Defendant waived his right to a jury trial and admitted his guilt on Count 54.

---

[2] *See also United States v. Vanderbosch*, 610 F.2d 95, 97 (2d Cir. 1979) ("Accordingly, we hold that a jury verdict of guilty prior to entry of judgment is admissible for impeachment purposes if it meets the other requirements of Fed. R. Evid. 609."); *United States v. Mitchell*, 886 F.2d 667, 671 (4th Cir. 1989) ("a court's acceptance of a jury's verdict is a sufficient predicate for the use of the 'verdict' for impeachment in a subsequent trial"; upholding district court's order permitting cross-examination of defendant based on prior convictions on which defendant had not yet been sentenced, and for which the time for appeal had not yet run); *United States v. Rose*, 526 F.2d 745, 747 (8th Cir. 1975) ("We find no significant difference between the jury's finding of guilt and the entry of judgment thereon as far as probative value for impeachment purposes."); *United States v. Klein*, 560 F.2d 1236, 1241 (11th Cir. 1977) ("Where the guilty verdict is introduced for impeachment purposes, . . . it can be distinguished from a conviction only on the basis of a procedural requirement which is 'nothing more than a ministerial act.'").

The Court found a factual basis and accepted Defendant's plea. All that remains now is sentencing. As the D.C. Circuit has stated, "[a] guilty plea which results in conviction is of course fully equivalent for impeachment purposes to a determination of guilt following trial. A guilty plea is thus fully admissible for impeachment purposes, assuming the prerequisites of Rule 609 of the Federal Rules of Evidence are satisfied." *United States v. Pardo*, 636 F.2d 535, 546 (D.C. Cir. 1980); *see United States v. Daugerdas*, 837 F.3d 212, 226 (2d Cir. 2016) ("it was permissible to use Ivsan's guilty pleas to impeach [his] opinion under Rules 609 and 806"); *Elcock v. Kmart Corp.*, 233 F.3d 734, 752 (3d Cir. 2000) ("District Court thus followed Rule 609(a)(2)'s mandate when it admitted evidence of Copemann's and CBI's guilty pleas for crimes involving dishonesty"). Defendant's accepted plea is a conviction for purposes of Rule 609. *See Smith*, 623 F.2d at 630.

As for the Rule 609 test, as mentioned, five factors govern the analysis of whether the probative value of the evidence outweighs its prejudicial effect: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility. *United States v. Browne*, 829 F.2d 760, 762-63 (9th Cir. 1987); *see United States v. Hursh*, 217 F.3d 761 (9th Cir. 2000). "What matters is the balance of all five factors." *United States v. Alexander*, 48 F.3d 1477, 1488

(9th Cir. 1995). Here, that balance supports the use of Defendant's felony conviction to impeach him if he testifies at trial.

First, the impeachment value of Defendant's felony conviction is at least average for a prior felony conviction. On the one hand, it does not involve dishonesty. But on the other hand, Defendant has been convicted of being an *addict* in possession of a firearm; that his conviction required proof of being addicted to controlled substances between 2014 and 2018 bears directly on Defendant's "opportunity and ability to see or hear or know the things testified to" from that time period (which is the time period that matters in this trial), and is an important factor "bear[ing] on believability" that the jury should be permitted to consider. *See* Ninth Cir. Model Jury Inst. 1.7.

Second, the conviction is not too old—it is only two days old (and the facts underlying it occurred between 2014 and 2018).

Third, the unlawful gun possession conviction is *not* similar to the current charged crimes. To be clear, that weighs in favor of admittance. The problem arises when the past conviction is similar to the current charge. *United States v. Bagley*, 772 F.2d 482, 488 (9th Cir. 1985) ("To allow evidence of a prior conviction of the very crime for which a defendant is on trial may be devastating in its potential impact on a jury.").

Fourth, in the event Defendant takes the stand, the importance of his testimony cannot be understated – indeed, measuring his testimony will likely become the

jury's primary task. If Defendant testifies, we anticipate he will claim he lacked the intent to distribute controlled substances outside the scope of professional practice and without a legitimate medical purpose. To effectively weigh this testimony, the jury should be permitted to hear of his felony conviction.

The same is true of the fifth factor—the centrality of Defendant's credibility. If he takes the stand, his credibility will be a pivotal issue for the jury to sift. If he testifies, Defendant will likely testify as to his state of mind at the time he prescribed controlled substances between 2013 and 2018—and that he reasonably did so in accord with the standard of care. In weighing those assertions, the jury should be permitted to know that he has been convicted of being addicted to drugs while possessing a firearm within that exact time period. *See United States v. Perkins*, 937 F.2d 1397, 1406 (9th Cir. 1991) (the "defendant's credibility and testimony were central to the case, as [he] took the stand and testified that he did not commit the [charged crime]").

Balancing all the factors, the probative value of the prior conviction outweighs any prejudicial effect to Defendant. In the event Defendant testifies, the United States should be permitted to impeach him with his addict in possession conviction.

## MOTION TO ADMIT DEFENDANT'S SWORN ADMISSIONS

At Defendant's plea colloquy on March 28, 2022, he made certain sworn admissions regarding being addicted to controlled substances between 2014 and

6

2018. The United States hereby moves to admit those statements under Federal Rule of Evidence 801(d)(2).

It is noncontroversial that "[a]t least once the plea has been accepted, statements or admissions made during the preceding plea colloquy are later admissible against the defendant, as is the plea itself." *Mitchell v. United States*, 526 U.S. 314, 324 (1999). There are some exceptions, such as for withdrawn or nolo contendere pleas. *See* Fed. R. Evid. 410(a). But none of those exceptions are present here. *See, e.g., United States v. Prieto*, 234 F. App'x 457, 459 (9th Cir. 2007) (unpublished) ("Third, Prieto claims that the district court abused its discretion in allowing the government to impeach him with statements made during his plea colloquy. However, Prieto's statements were not made in conjunction with a guilty plea that was later withdrawn or a plea of nolo contendere. *See* Fed. R. Evid. 410(3). Nor were they 'made in the course of plea discussions with an attorney for the prosecuting authority.' Fed. R. Evid. 410(4). The district court did not abuse its discretion in admitting the statements under Federal Rule of Evidence 410."). Defendant's sworn admissions are straightforward admissions of a party opponent and should be admitted.

As for relevance, Defendant's admissions of being addicted to hydrocodone between 2014 and 2018 are highly relevant to the pending charges against him. For instance, as part of his conclusion that Defendant departed "extremely" from the operative standard of care, Dr. Gregory Polston notes that Defendant "practiced

7

medicine while abusing and/or addicted to alcohol, cocaine, and prescription opioids," "bought and brought illegal controlled substances (cocaine) into his practice for his personal use," and "dispensed controlled substances to himself." Elsewhere, the United States has outlined how Defendant was consistently using illicit drugs with the very people he was prescribing opioids to. *See* ECF Nos. 169, 254. In other words, Defendant's persistent abuse of controlled substances is a central fact bearing on whether his dispensations of drugs were outside the course of professional practice and without medical necessity.

## **CONCLUSION**

The Court should grant the above motions.

Respectfully submitted,

Dated: March 30, 2022
                                                MERRICK B. GARLAND
                                                Attorney General

                                                RANDY S. GROSSMAN
                                                United States Attorney

                                                */s/ Colin M. McDonald*
                                                MICHAEL G. WHEAT
                                                JOSEPH J.M. ORABONA
                                                JANAKI S. GANDHI
                                                COLIN M. MCDONALD
                                                ANDREW Y. CHIANG
                                                Special Attorneys to the Attorney General

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RUDOLPH B. PUANA,<br><br>    Defendant. | CR. No. 19-00015-01 JMS-RLP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Colin M. McDonald, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2022.

                                        */s/ Colin M. McDonald*
                                        COLIN M. MCDONALD